UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-17 |
| JOHN JOHNSON | SECTION: "C" (1) |

ORDER AND REASONS

The defendant, JOHN JOHNSON, has moved to exclude evidence supporting the non-statutory aggravating factor of "substantial criminal history." (Rec. Doc. 418). For the reasons set out below, the motion is PARTIALLY DENIED, PARTIALLY GRANTED and PARTIALLY DISMISSED WITHOUT PREJUDICE.

The government's notice listed the following offenses that it intends to introduce in the penalty phase to support the alleged substantial criminal history:

1. Illegal carrying of a weapon and armed robbery arrests in 1973

2. Armed robbery arrests in 1974

3. Simple burglary conviction in 1974

4. Armed robbery arrest in 1974

5. Illegal carrying of a firearm arrest and felon in possession of a firearm conviction in 1977

6. Bank robbery conviction in 1983

7. Theft and resisting arrest by violence arrest in 1999

JOHNSON first contends that the structure of the Federal Death Penalty Act ("FDPA") precludes the admission of non-statutory aggravating factors, other than victim impact evidence. The Court disagrees and finds again that the FDPA authorizes such factors, assuming relevancy, reliability and not unfair prejudice.

JOHNSON also argues that under the balancing test of *United States v. Davis*, 912 F. Supp. 938 (E.D. La. 1996), the specific convictions of simple burglary and theft are not serious enough to warrant admission. JOHNSON challenges the relevance of offenses committed decades ago, the reliability of the evidence in support of these offenses and contends any probative value is outweighed by unfair prejudice. JOHNSON also alleges that because some of these arrests resulted in charges that were formally refused by prosecutors at the time, they are particularly irrelevant. Finally, JOHNSON challenges the dual use of the 1983 bank robbery as evidence of a statutory aggravating factor of being previously convicted of a felony involving a firearm and as evidence of the nonstatutory factor of substantial criminal history.

In its response, the Government acknowledges its obligation to prove the offenses beyond a reasonable doubt. It also contends the offenses listed are consistent with the *Davis* criteria, are not impermissibly remote, nor unfairly prejudicial. With respect to the 1974 conviction for simple burglary, the Government alleges that JOHNSON and others broke into a residence during the day and, among other things, stole a firearm which was later found in JOHNSON's possession. With respect to the 1999 conviction for theft and resisting arrest by violence, the Government alleges that JOHNSON stole a pair of shoes and when chased by a guard, threw the shoes at the guard and punched the guard after the guard apprehended him. Finally, with regard to the dual use of the 1983 bank robbery, the Government argues that the conviction is legitimately going to be used for two

distinct characteristics of the offender, the first being his prior use of a firearm and the second as part of a pattern of criminal conduct.

The Court concludes that the remoteness of the offenses may be relevant to the weight the jury should give them but does not preclude admissibility.  Also, the Government is obliged to prove the offenses underlying any arrest beyond a reasonable doubt, which renders any earlier refusal to prosecute irrelevant.

With regard to the 1974 simple burglary conviction, assuming the Government proves the theft of the firearm and its later possession by JOHNSON, the conviction is admissible.  With regard to the 1999 theft and resisting arrest conviction, the underlying allegation indicates the defendant was shoplifting and during flight, threw the stolen goods at the officer and physically resisted actual arrest.  The Court concludes this scuffle is insufficiently serious, under the *Davis* criteria, to be admissible and it is therefore excluded.

With regard to the dual use of the 1983 bank robbery, the Court finds the first use, as a prior conviction of a violent felony, is authorized.  As it is admissible for that purpose, to preclude it as part of the alleged "substantial criminal history" seems futile since the conviction will already be before the jury.  Cautionary instructions to emphasize that the jury should not count the offense twice appear to be the more practical and useful remedy.

The Court finds that the other alleged offenses are serious enough to warrant admission, if proven beyond a reasonable doubt.[1]

---

[1] This ruling only deals with the relevancy of the disputed evidence.  The reliability is an independent factor and will be determined through proffer and hearing at a later date.

THEREFORE, IT IS ORDERED THAT the motion is DENIED as to the relevance of the alleged other crimes, with the exception of the 1999 conviction for theft and resisting arrest, GRANTED at to the 1999 conviction for theft and resisting arrest and DISMISSED WITHOUT PREJUDICE as to reliability pending further proceedings in the case.   (Rec. Doc. 418).

New Orleans, Louisiana, this 6th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

.