UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA             CRIMINAL ACTION

VERSUS                                NO. 04-17

JOHN JOHNSON                          SECTION "C"

ORDER AND REASONS

Defendant John Johnson ("Johnson") has filed a Motion for *Brady/Giglio* Discovery Order Concerning Robert Goodman ("Goodman"). (Rec. Doc. 1434). Having considered the record, the memoranda of counsel and the law, the motion is DENIED for the following reasons.

Goodman testified for the government during the penalty selection phase with regard to an unadjudicated murder committed by the defendant in 1974. With regard to his anticipated testimony, the government provided information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In so doing, the government represented that it had turned over all *Brady/Giglio* material, which included a single "302" for one meeting between the FBI and Goodman. At the time of trial, Goodman was facing federal charges, and the government represented that there was no agreement as to the sentence Goodman would receive as a result of his cooperation with the government in this case. Goodman was subsequently sentenced to term of probation for the federal offense.

In this motion, the defense claims that the government has refused to provide full information "concerning its meetings with defense counsel for Robert Goodman and his representative." (Rec. Doc. 1434, p. 2). This statement is supported by the inclusion in a motion to continue the federal sentencing that Goodman's "debriefings" were being assessed and the lenient sentence imposed. Included in the proposed discovery is information regarding interactions with the government involving Goodman, his attorney and an associate of Goodman's.

1

The government argues that the defendant received all relevant material, that some of the information sought is otherwise privileged or protected, that information not related to the crime charged is not *Brady* material, that *Giglio* material is limited to information that could be used to impeach the government witness, that much of the information sought could have been discovered by the defense with due diligence and/or trial subpoena, and that the issue is moot since the jury did not unanimously find that the defendant was responsible for the 1974 murder. In reply, the defense argues that the issue is not moot because the Court did not instruct the jury to disregard the evidence of the 1974 murder if it did not find beyond a reasonable doubt that the defendant committed that offense, and that the Court indicated at trial that it would grant an evidentiary hearing after trial on the issue, if necessary.

First, the Court disagrees with the defense statement that no jury charge was given with regard to the effect it should give a non-unanimous finding with regard to the defendant's responsibility for the 1974 murder. Instead, the jury was charged that with regard to unadjudicated criminal conduct that "[t]he government has the burden of proving these allegations unanimously and beyond a reasonable doubt, and if it fails to do so, you must disregard the allegation entirely." (Rec. Doc. 1239, p. 6). The Court also finds it unnecessary to have an evidentiary hearing on this issue.

In addition, the Court finds that the defense has not presented adequate evidence to undermine the validity of the government's representation that it did provide all responsive *Brady/Giglio* material. That fact that there may have been additional meetings between the government and Goodman, his attorney and/or his associate prior to confecting a final deal does not contradict the government's representation that all *Brady/Giglio* material was provided.

Regardless of the number of meetings or the attendees at meetings, the primary focus is on the terms of the deal struck with Goodman, and there is no indication that any misrepresentations were made in that regard. The Court has carefully reviewed the Factual Basis, the plea agreement letter and the presentence report in Goodman's federal prosecution and

finds that nothing that was subject to disclosure was omitted by the government.[1]

Accordingly,

IT IS ORDERED that the Motion for *Brady/Giglio* Discovery Order Concerning Robert Goodman filed by John Johnson is DENIED. (Rec. Doc. 1434).

New Orleans, Louisiana, this 10th day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Again, the distinct claim raised in the Motion for New Trial filed by the defendant will be separately considered. (Rec. Doc. 1337).