UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-17 |
| JOHN JOHNSON | SECTION "C" |

ORDER AND REASONS

Defendant John Johnson ("Johnson") has filed a Motion for *Brady/Giglio* Discovery Order Concerning Financial Information. (Rec. Doc. 1435). Having considered the record, the memoranda of counsel and the law, the motion is DENIED for the following reasons.

During the penalty selection phase of trial, the victim's widow presented powerful victim impact evidence. Included in her testimony was the statement that she depended on her husband financially, and that since his death, she has lost health insurance and his salary. She also read from a prepared statement that the defendant "destroyed [her] emotionally but almost physically and financially as well ..." and "[y]ou took away my security ..." (Rec. Doc. 1274, pp. 32, 33, 36). The jury found unanimously found as a nonstatutory aggravating factor tending to support imposition of the death penalty the fact that the murder "created harmful ... financial distress upon his wife and family." (Rec. Doc. 1238, Attachments 1, 2).

The defense argues in this motion that it is entitled to financial information from the "broad hands of the Government" that would have impeached the widow's testimony or been favorable to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). (Rec. Doc. 1435, p. 2). In opposition, the government argues that it has met all its obligations for disclosure, that it possessed no evidence that would have tended to impeach the widow's trial testimony and that she "testified in a manner consistent with the information in the possession of the government." (Rec. Doc. 1443, p. 5). It also argues that the defense could have obtained the relevant information through other sources or subpoena.

Finally, it argues that the request runs contrary to the mandate of the Crime Victim Rights Act, 18 U.S.C. § 3771.

The defense replies that the government "has unique statutory authority to secure access to Ms. Zafutto's (sic) tax returns."  (Rec. Doc. 1463, p. 2).  The defense reply continues that although "counsel has no reason to expect that the Government would make false or inaccurate misrepresentations concerning this issue," the government has not made affirmative assertions that the widow "has not received significant financial assistance as a result of her husband's death" or that is does or does not have access to such information.  (Rec. Doc. 1463, pp. 3,4).

The Court's primary difficulty with the motion is that the discovery sought is neither relevant nor impeaching to what the government actually presented.  Even if the widow received funds such as life insurance, she never stated that she was ruined financially.  The defense offers nothing to suggest that the evidence of financial dependency, lost health insurance benefits and lost salary is other than accurate.  The Court additionally finds that the unquestionable evidence actually received is relevant to the nonstatutory factor found by the jury.

Accordingly,

IT IS ORDERED that the Motion for *Brady/Giglio* Discovery Order Concerning Financial Information filed by John Johnson is DENIED.  (Rec. Doc. 1435).

New Orleans, Louisiana, this 10th day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE