UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-17 |
| JOHN JOHNSON | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion to set aside the death sentence based upon the appearance of the influence of race and other arbitrary factors filed by the defendant, John Johnson ("Johnson"). Oral argument was held on March 23, 2010. Having considered the record, the memoranda and argument of counsel and the law, the Court rules as follows.

The Court previously denied the defendant's motion for additional discovery concerning race based decision making, based on the defendant's failure to make the requisite showing under *United States v. Armstrong*, 517 U.S. 475 (1996) that the prosecution had both a discriminatory effect and was motivated by a discriminatory purpose. Specifically, the Court found that the defense failed to sufficiently demonstrate that the prosecutor was motivated by a discriminatory purpose, assuming that the defendant did make a credible showing of different treatment of similarly situated persons by establishing the fact that only African Americans have been prosecuted in this district for federal capital crimes. (Rec. Doc. 1478). Implicit in that

1

decision, and specifically found here, is the secondary failure of the defense to provide clear evidence that the federal policy relative to the prosecution had a discriminatory effect and purpose sufficient to overcome the presumption of regularity on the part of the prosecution. *Armstrong*, 517 U.S. at 465. With regard to this motion, the Court finds that the defense has presented insufficient proof as to effect and no proof that would establish discriminatory purpose as opposed to effect. *United States v. Webster*, 162 F.3d 308, 335 (5th Cir. 1999). Because the Court assumes that the facts pertaining to selective prosecution alleged by the defendant are correct for purposes of this motion and also finds them insufficient to warrant the relief sought, no evidentiary hearing is needed.

The second part of the defendant's motion concerns the jury venire and vicinage, as that latter term pertains to 18 U.S.C. § 3235.[1] The defense argues that "the prosecution trampled upon the right to vicinage in order to create a majority white jury pool." (Rec. Doc. 1330, p. 14). Specifically, the defense argues that because the likelihood of the death penalty depends in part on the make up of the venire, which should be restricted to Orleans Parish, the death sentence imposed here violates the Fifth Amendment's due process clause, the Eight Amendment and the equal protection clause of the Fourteenth Amendment. The defendant also acknowledges that "[i]t

---

[1] Section 3235 is directed to venue in capital cases and provides: "[t]he trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience."

remains an open question whether 18 U.S.C. § 3235 fixes not merely the location of the trial, but the circumference of the venue for the proceedings." (Rec. Doc. 1330, p. 19). Here, two seated jurors were from Orleans Parish, where the offense occurred.

The government opposes this argument on both procedural and substantive grounds. First, it argues that the defendant is procedurally barred from raising this issue because no objection was made at the time of trial, thereby limiting the Court's review for plain error only. Next, it argues that a venire drawn from the entire district complies with Section 3235, the Sixth Amendment[2] and the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861, *et seq.*[3] Specifically it argues that the defendant has not made a *prima facie* showing that he was deprived of a fair cross-section, as set

---

[2]The Sixth Amendment provides in relevant part:
   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have previously ascertained by law ...

[3]The JSSA provides in relevant part as follows at Section 1861:
   It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.
Section 1861(a) provides in relevant part:
   Each United States district court shall devise and place into operation a written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of sections 1861 and 1862 [non-discrimination] of this title, and that shall otherwise comply with the provisions of this title.

3

forth in *Duren v. Missouri,* 439 U.S. 357 (1979).[4]  Finally, the government argues that the defendant has failed to provide any evidence "to show that racial animosity infected the decision in this matter."  (Rec. Doc. 1389, p. 19).

In reply, the defense argues that the issue raised in this motion has not been procedurally barred in this Court and that Fed. R. Civ. P. 33 allows the court to vacate judgment and grant a new trial "to address the influence of race on this capital proceeding."[5]  (Rec. Doc. 1400, p. 3).  The defendant also argues that venue as contemplated by Section 3235 contemplates jury venire and selection as well as the presentation of evidence.

> The people of Orleans Parish, with their unique racial and political demographics, political beliefs, attitudes towards crime, and other localized characteristics, constitute the 'community' that provides a link between punishment and contemporary community standards.   The parishes that surround Orleans, from which the majority of the jurors in this case were selected, have an altogether different racial and political demographic.

(Rec. Doc. 1400, p. 5).   "Mr. Johnson's objection is that the large population of African-American citizens in Orleans Parish was diluted by the inclusion of a large number of

---

[4]*Duren* requires that to establish a *prima facie* violation, the defendant must show: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systemic exclusion of the group in the jury-selection process.  *Id.* at 364.

[5]Rule 33(a) provides in relevant part: "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

4

white citizens from the parishes that surround Orleans." (Rec. Doc. 1400, p. 6). The defense offers to present at an evidentiary hearing evidence that Orleans Parish jurors were inadequately represented on the jury venire and that this was the general practice in other venires, along with evidence that the "vast majority of federal death sentences arise from eight jurisdiction," all of which have "demographic issues similar to those present in Orleans." (Rec. Doc. 1400, pp. 7, 8).

Assuming that the issues presented in this motion are properly before the Court, the Court finds that the jury venire and jury here did not violate either Section 3235 or the Sixth Amendment with regard to venue. The clear language of those sections does not lend direct support to the creative argument proposed by the defendant.

The Court is unclear as to the scope of the issue whether the jury venire or pool violated the JSSA and *Duren*, *supra*. Specifically, a JSSA issue arose prior to trial as to whether the initial jury list was random and/or proportionate.[6] (Rec. Doc. 1178). If this issue is intended to be included in this motion, the Court will consider additional briefing on this distinct issue. In all other respects, however, the motion as it pertains to Section 3235 and *Duren*, *supra,* is denied.[7]

Accordingly,

---

[6] It is also unclear to the Court if discovery on this issue is being requested.

[7] Again, an evidentiary hearing is not necessary because the Court has assumed the defendant's alleged facts are correct, but insufficient to warrant relief.

5

IT IS ORDERED that the motion to set aside the death sentence based upon the appearance of the influence of race and other arbitrary factors filed by the defendant, John Johnson is PARTIALLY DENIED and PARTIALLY RESERVED (Rec. Doc. 1330).

IT IS FURTHER ORDERED that by April 5, 2010, counsel for the defendant advise the Court if it is raising a specific argument pertaining to the jury venire as discussed at the May 6, 2009, status conference. If that argument is being made, a supplemental memorandum shall be submitted by April 12, 2010. Any response shall be filed by April 19, 2010.

New Orleans, Louisiana, this 29th day of March, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE