UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 04-17 |
| JOHN JOHNSON | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion to set aside the death sentence because of the systematic removal of jurors based upon their views on the death penalty filed by the defendant, John Johnson ("Johnson"). Oral argument was held on March 23, 2010. Having considered the record, the memoranda and argument of counsel and the law, the Court denies the motion for the following reasons.

In this motion, the defense argues that error was committed by the "unauthorized removal of jurors who opposed the death penalty." (Rec. Doc. 1331, p. 1). Three distinct and novel arguments are presented. First, the defendant argues that neither federal statute nor the common law provides for a "death qualified" jury, and that the Federal Death Penalty Act, 18 U.S.C. §§ 3591-3699 ("FDPA") itself does not require the imposition of the death sentence. Next, the defense argues that the United States Supreme Court opinions in *Witherspoon v. Illinois*, 390 U.S. 510 (1968), *Adams v. Texas*, 448 U.S. 38 (1980) and *Wainwright v. Witt*, 469 U.S. 412 (1985), do not provide for a death qualified jury in a *federal* case because those cases focused on state statutes which

1

so provided.[1] Third, the defense argues that because there is no underlying authorization for excluding jurors with anti-death penalty views in a federal capital prosecution, the defendant's right to an impartial jury under the Fifth, Sixth and Eighth amendments was violated, as reflected in emerging jurisprudence.

The government argues in opposition that the Supreme Court jurisprudence, especially as reflected in *Witt*, requires the court to excuse jurors "who were either irrevocable opposed to the death penalty or held views that would have substantially impair their ability to fully consider a sentence of death." (Rec. Doc. 1376, p. 5). It argues that the removal of jurors for cause is based on the Constitution and "the notion that fair and impartial jurors are required in a capital case" as explained in *Witt*. (Rec.Doc. 1376, p. 6). The government argues that those "generally" opposed to the death penalty but otherwise willing to consider both options are allowed to serve. *Id.*

In reply, the defendant argues that *Witherspoon*, *Adams* and *Witt* do not in themselves provide a ground to challenge a prospective juror, nor do they preclude the Congress from enacting legislation allowing for such a limitation in a capital case. *Lockhart v. McCree*, 476 U.S. 162 (1986). In the absence of such legislation, however, the defendant claims that his Sixth Amendment right to an impartial jury "not unduly

---

[1]The Court was unable to discern from the opinion in *Witt* whether a state statute was at issue as in *Witherspoon* and A*dams*, but given the lack of challenge by the government to this fact, will assume it to be a correct statement by the defense.

2

organized to sentence him to death" was violated. (Rec. Doc. 1398, p. 7).

The government's position finds solid support in the law. First, there is no clear language in any of the leading Supreme Court cases indicating that its rule would apply only to those jurisdictions with enacted rules pertaining to juror disqualification in a capital case, instead of generally providing for a challenge for cause for those whose views on the death penalty would prevent or substantially impair their ability to serve. More importantly, the Fifth Circuit has upheld prosecutorial challenges for *Witt*-based cause, albeit without discussion of the novel issue presented in this motion. *United States v. Bernard,* 299 F.3d 467, 474 (5th Cir. 2002); *United States v. Webster,* 162 F.3d 308, 340 (5th Cir. 1998); *United States v. Flores*, 63 F.3d 1342, 1354-1355 (5th Cir. 1995). This Court's analysis need go no further.

Accordingly,

IT IS ORDERED that the motion to set aside the death sentence because of the systematic removal of jurors based upon their views on the death penalty filed by John Johnson is DENIED. (Rec. Doc. 1331).

New Orleans, Louisiana, this 29th day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE