UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 04-17

JOHN JOHNSON                            SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion to set aside death sentence based upon the appearance of the influence of race and other arbitrary factors filed by the defendant, John Johnson ("Johnson"). Specifically, an issue regarding the composition of the jury venire discussed at a May 6, 2009, status conference was reserved in the Court's initial ruling, and subsequently briefed by the parties. Rec. Doc. 1486, 1490, 1612, 1613, 1615. The Court denies the defendant's motion for the following reasons.

Prior to the May 6, 2009, conference, counsel had been provided with a list of all potential jurors who returned questionnaires in order to assist counsel in preparing for voir dire examination in this capital case.[1] The list was provided to counsel directly from the Jury Section of the Clerk's Office. That list began with a Jefferson Parish resident whose last name began with the letter "D" followed by other Jefferson Parish

---

[1] Current counsel submitting this motion was not enrolled at the time and not present at the conference.

residents in alphabetical order, followed largely by the listing of jurors from the other parishes, also in alphabetical order. The orderliness of the list and its lack of apparent "randomness" did not escape the eye of the prosecutors. After questioning personnel in the Clerk's Office involved in jury selection, the Court held a conference and, over defense counsel's objection, ordered that the names on the list that had been provided to the attorneys for voir dire preparation be reshuffled or scrambled without regard to alphabetical order or parish.

      The "Selection Procedure" under the "Eastern District Plan for Random Selection of Grand and Petit Jurors Pursuant to the Jury Selection and Service Act of 1968" ("EDLA-JSSA) provides for "random selection from a source list, which would include a voter registration list or a list of names contained in a master or qualified jury wheel." "Random" selection from the source list (voter lists, master wheel and qualified wheel) involves the determination of a "starting number" and a "quotient" in order to maintain a "fair cross section of the community." This method of "random" selection ensures a proportional representation among parishes. The names on voter registration lists provided by the various parishes are in alphabetical order. The parishes themselves are aligned in alphabetical order when the master wheel is created. The resulting modified alphabetical order of the master wheel remains as the names are selected for the qualified wheel.

Here, the list provided to counsel to facilitate trial preparation prior to the conference did not provide the names in the order that would have been used for voir dire examination on the morning of trial.  It was a list of qualified jurors who had also returned the special questionnaire, in modified alphabetical order by virtue of the selection from the voter registration lists, the master wheel and the qualified wheel, and in modified alphabetical order by parish to ensure "a fair cross section of the community" under the EDLA-JSSA.

The "shuffling" that was ordered at the conference was the accelerated pre-trial equivalent of the last step that needs to occur under the EDLA-JSSA prior to voir dire examination.  After names of potential petit jurors are selected from the qualified list, the EDLA-JSSA also provides for a "daily jury wheel or box."

> The cards containing the numbers of persons drawn from the qualified jury wheel for petit jury service for any session shall be placed in a daily jury wheel or box.  Whenever a jury or juries are needed, the Deputy Clerk handling such matters shall draw from the daily wheel or box at random the number of names needed for the jury or juries.

In practice, the juror notices are scanned and a computer program generates a truly "random" listing for the jury venire in a particular case.  Until this final step, usually on the morning of trial, the list is proportional and representative of a cross-section, but not truly random.

Again, this final step had not been accomplished when the names of potential

jurors were provided to counsel prior to the conference, at counsel's request in order to facilitate their trial preparation. Counsel for both sides indicated to the Court that they wanted a list that represented the jurors who would be selected for voir dire in the order in which they would appear for voir dire examination at trial. Ordering that the names be shuffled at the conference accomplished that purpose at an earlier time than the first morning of trial.

In so ruling, the Court agrees that the limited "starting number/quotient" definition of the term "random" in the EDLA-JSSA is confusing and contrary to its common definition and usage. The Court also finds that the potential for recurrence of the problem encountered here exists in all cases in which counsel have a justifiable need for a jury list prior to the morning of trial, unless the final juror shuffling is done prior to counsel receiving the lists and without regard to who may or may not appear for court on the morning of trial.

The Court finds that the resulting shuffled list provided to counsel in this matter complied with all constitutional and statutory requirements. In addition, despite the defense objection made at the conference, the Court finds that the defendant had ample opportunity to comply with the requirements of the JSSA with regard to formally challenging the subsequently-shuffled venire prior to trial. The Court construes the delayed failure to raise this specific issue constitutes a waiver by the defendant. Finally,

this motion prays that the death sentence be set aside.  That sentence has already been vacated.

Accordingly,

IT IS ORDERED that motion to set aside death sentence based upon the appearance of the influence of race and other arbitrary factors filed by the defendant, John Johnson is DENIED.

New Orleans, this 16th day of June, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE